UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRAVELODGE HOTELS, INC.,

    Plaintiff,

v.                                                  Case No:   6:13-mc-18-Orl-36TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

    Defendants.

## ORDER

The Motion to Substitute Party Plaintiff/Judgment Creditor and Amend Case Caption (Doc. 2), is **DENIED without prejudice**. Movant's counsel contends in the motion "that Local Rule 3.01(g) is inapplicable as defendants Girdhari Sankar and Jeyaselvan Kanagasabapath are not represented by counsel in this action." (Id., at 2). Counsel's assertion is wrong. Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). The term "counsel" in Rule

3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will, as it has done in this case, deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties