UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POSER INVESTMENTS, INC.,

    Plaintiff,

v.                                         Case No:   6:13-mc-18-Orl-36TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

    Defendants.
_____

## ORDER

This case comes before the Court without a hearing on the following motions:

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against Sun Hospitality Inn, LLC (Doc. 11);

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JLM Hotels, LLC D/B/A Sun Inn and Suites (Doc. 12);

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JL Hotel Management, LLC (Doc. 13); and

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JL Hospitality Management, LLC (Doc. 14).

In each motion, Plaintiff Poser Investments, Inc. alleges that: (1) it holds an unsatisfied judgment totaling $457,601.14 exclusive of interest, against Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally; (2) Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy do not have in their possession visible property upon which levies can be made sufficient to satisfy the debt; and (3) Plaintiff has reason to believe that the garnishee named in each motion has in its possession or control, monies owed to Jeyaselvan Kanagasabapathy.

By rule:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs the extent to which it applies.

FED. R. CIV. P. 69(a)(1).

Under Florida law:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

FLA. STAT. § 77.01.

Florida law provides for the issuance of a writ of garnishment:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution.

FLA. STAT. § 77.03.

Plaintiff having complied with Rule 69(a)(1) and FLA. STAT. §§ 77.01 and 77.03, the motions are **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writs of garnishment (Doc. 11 at 10; Doc. 12 at 10; Doc. 13 at 10; Doc. 14 at 10).

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel for Plaintiff