UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

     Plaintiff

v.                               6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

     Defendants,

_____/

To:  **JEYASELVAN KANAGASABAPATHY**
     5020 W. Irlo Bronson Memorial Hwy
     Kissimmee, Florida 34741

     **GIRDHARI SANKAR**
     1708 Cedar Lake Drive
     Orlando, FL 32824

## **NOTICE OF SERVICE OF CONTINUING WRIT OF GARNISHMENT**

Barry S. Turner, Esq., of JONES WALKER LLP pursuant to Fla. Stat. §77.041, hereby certifies that copies of Plaintiff's Motion for Issuance of Continuing Writ of Garnishment, Order Granting Motion for Issuance of Continuing Writ of Garnishment, and Continuing Writ of Garnishment to Garnishee, ***Sun Hospitality Inn, LLC***, issued by this court on February 27, 2018 and Notice to Defendant was served upon the above named defendant by United States Certified Mail/Return Receipt Requested on this 23rd day of March, 2018.

I certify that, on March 23, 2018, I caused a copy of the foregoing notice to be mailed via certified mail to the above-captioned addressee.

Respectfully submitted,

*/s/ Barry S. Turner*
Ben H. Harris, III, Esq.
Florida Bar No. 49866
Michael Anthony Shaw, Esq.
Florida Bar No. 18045
Barry S. Turner, Esq.
Florida Bar No. 85535
Zachary D. Ludens, Esq.
Florida Bar No. 111620
**JONES WALKER LLP**
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
Fax: (305) 679-5710
miamiservice@joneswalker.com
*Counsel for Poser Investments, Inc*

CASE NO. 6:13-mc-00018-CEH-TBS

# EXHIBIT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

      Plaintiff

v.                                     6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

      Defendants,

_____/

**JUDGMENT CREDITOR'S *EX PARTE* MOTION FOR
ISSUANCE OF CONTINUING WRIT OF GARNISHMENT AGAINST
<u>SUN HOSPITALITY INN, LLC</u>**

Plaintiff/Judgment Creditor Poser Investments, Inc. ("Poser") moves for issuance of a continuing writ of garnishment as to Sun Hospitality Inn, LLC ("Garnishee") and asserts:

1.     On December 19, 2012, the United States District Court for the District of New Jersey in Case Number 2:11-cv-02503-WJM-MF entered the Order & Judgment in favor of plaintiff Travelodge Hotels, Inc. and against defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally, in the amount of $457,601.14.

2.     On April 23, 2013, the Order & Judgment was registered in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1963 by the filing of the Certification of Judgment for Registration in Another District. *See* D.E. 1.

3.     On December 12, 2017, the Court entered the Order (D.E. 6) substituting Poser as the Plaintiff/Judgment Creditor.

4.     Pursuant to Federal Rule of Civil Procedure 69, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the

procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

5.    Florida Statute Section 77.01 *et. seq.* allows recovery of a money judgment via a Writ of Garnishment.  The statute reads in pertinent part:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.  The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

Fla. Stat. § 77.01.

6.    Moreover, the Florida Supreme Court has held that a plaintiff is entitled to issuance of a post-judgment writ of garnishment upon motion and without notice or an opportunity of the defendant to be heard.  *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978) ("we hold that neither due process under the Fourteenth Amendment of the United States Constitution nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue").  Courts of this District have recognized the same principle.  *See, e.g., Francois v. Washmonbo, Inc.*, No. 05-cv-23368, 2008 WL 2694752, at *1 (S.D. Fla. Jul. 8, 2008) (noting that "writs of garnishment may be issued on an *ex parte* basis" and holding that "having obtained a final judgment . . . Defendant is entitled to a writ of garnishment and it is not necessary to hold a hearing or provide notice prior to issuing the writ.") (citing *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004)).

7.    Under the applicable Florida Statutes notice is provided to a defendant after service of the Writ of Garnishment.  *See* Fla. Stat. §§ 77.041(2) & 77.055.  In addition to Chief Magistrate

Judge Simonton's holdings in *Francois*, No. 05-cv-23368, 2008 WL 2694752, at *1 ("writs of garnishment may be issued on an *ex parte* basis"), sister courts in the Middle District of Florida have recognized that judgment creditors may serve motions for writs of garnishment on an *ex parte* basis.  *See Rossi v. Billmyre*, 2:15-cv-180-FtM-29MRM, 2017 WL 3131103, at *2 (M.D. Fla. Jul. 24, 2017) ("Moreover, under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor."); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 6:14-cv-307-Orl-40GJK, 2016 WL 7134849, at *1 (M.D. Fla. Apr. 14, 2016) ("Under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor."); *Export Development Canada v. Xacore*, 8:12-cv-1244-T-17EAJ, 2013 WL 57693, at *1 (M.D. Fla. Jan. 3, 2013) ("Under Florida law, postjudgment writs of garnishment may be issued ex parte and without notice to the judgment debtor.").

8.      Poser believes that Judgment Debtor does not have in his possession visible property on which a levy can be made sufficient to satisfy the judgment, and judgment creditor moves for a continuing writ of garnishment pursuant to Florida Statute Section 77.0305, against garnishees

9.      Sun Hospitality Inn, LLC, who judgment creditor has reason to believe has in its hands, possession, or control, monies consisting of salary or wages owed and paid periodically to judgment debtor Jeyaselvan Kanagasabapath.

10.     The proposed order granting all pending (or soon to be pending) garnishments is attached here as **Exhibit 1**.

11.     The proposed Continuing Writ of Garnishment is attached hereto as **Exhibit 2**.

**WHEREFORE,** judgment creditor requests that the Court issue a continuing writ of garnishment to Garnishee.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Mr. Kanagasapathy is acting *pro se* in this matter.  Undersigned counsel Mr. Turner spoke to Mr. Kanagasapathy in compliance with Local Rule 3.01(g) on February 22, 2018.  Mr. Kanagasapathy indicated that he does not consent to the relief requested in the Motion.

Mr. Sankar is not a party in interest to this Motion.  Although listed on the case caption, Ravin Hotels & Investments, LLC is not a party to the judgment registered in this action and is not a party in interest to this Motion.

Dated: February 23, 2018

Respectfully submitted,

*/s/ Barry S. Turner*
Ben H. Harris, III, Esq.
Florida Bar No. 49866
Michael Anthony Shaw, Esq.
Florida Bar No. 18045
Barry S. Turner, Esq.
Florida Bar No. 85535
Zachary D. Ludens, Esq.
Florida Bar No. 111620
**JONES WALKER LLP**
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
Fax: (305) 679-5710
miamiservice@joneswalker.com
*Counsel for Poser Investments, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY FURTHER CERTIFY that on the 23th day of February, 2018, a copy of the foregoing was served via regular mail to the following parties and at the last known addresses identified below.

*/s/ Barry S. Turner*
Barry S. Turner, Esq.

**JEYASELVAN KANAGASABAPATHY**
5020 W. Irlo Bronson Memorial Hwy
Kissimmee, Florida 34741

**GIRDHARI SANKAR**
1708 Cedar Lake Drive
Orlando, FL 32824

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

      Plaintiff

v.                                                          6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

      Defendants,

_____/

## **ORDER**

This matter comes before the Court on Plaintiff's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against Sun Hospitality Inn, LLC (D.E. _____), Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JLM Hotels, LLC d/b/a Sun Inn and Suites (D.E. _____), Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JL Hotel Management, LLC (D.E. _____) and Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JL Hospitality Management, LLC (D.E. _____) all filed on February 23, 2018 ("Motions"). On December 19, 2012, the United States District Court for the District of New Jersey in Case Number 2:11-cv-02503-WJM-MF entered the Order & Judgment in favor of plaintiff Travelodge Hotels, Inc. and against defendants Girdhari Sankar and Jeyaselvan Kanagasabapath, jointly and severally, in the amount of $457,601.14. On February 21, 2013, the Order & Judgment was registered in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1963. *See* D.E. 1. On November 21, 2017, the Court entered the Order (D.E. 6) finding that the Order & Judgment had been transferred and assigned to Poser Investments, Inc. and that Poser Investments, Inc. is

{M1417716.1} 1

the Plaintiff/Judgment Creditor. Plaintiff believes that defendant/judgment debtor Jeyaselvan Kanagasabapath may have a salary or wages in the possession or control of the Garnishee and now files its ex parte Motions requesting that this Court issue a Writ of Garnishment directed to garnishees Sun Hospitality Inn, LLC, JLM Hotels, LLC d/b/a Sun Inn and Suites, JL Hospitality Management, LLC, and JL Hotel Management, LLC in order to recover on the outstanding Judgment.

Accordingly, it is now:

**ORDERED**:

1.     Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against Sun Hospitality Inn, LLC (D.E. _____) is **GRANTED**.

2.     Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JLM Hotels, LLC d/b/a Sun Inn and Suites (D.E. _____) is **GRANTED**.

3.     Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JL Hotel Management, LLC (D.E. _____) is **GRANTED**.

4.     Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment against JL Hospitality Management, LLC (D.E. _____) is **GRANTED**.

5.     The Court shall separately issue the Continuing Writs of Garnishment upon the garnishees Sun Hospitality Inn, LLC, JLM Hotels, LLC, Sun Inn & Suites, LLC, JL Hospitality Management, LLC, and JL Hotel Management, LLC.

**DONE AND ORDERED, this ____ day of _____, 2018.**

_____
**Charlene Edwards Honeywell**
**United States District Judge**

Copies to:     Counsel of record

# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

      Plaintiff

v.                                6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

      Defendants,

_____/

## CONTINUING WRIT OF GARNISHMENT

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

      **YOU ARE HEREBY COMMANDED** to summon garnishee Sun Hospitality Inn, LLC to serve an answer to this writ on Jones Walker LLP, 201 South Biscayne Boulevard Suite 2600, Miami, Florida 33131 (miamiservice@joneswalker.com), within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to the judgment debtor(s) JEYASELVAN KANAGASABAPATHY for salary or wages at the time of the answer.

      THE GARNISHEE SHALL REPORT in its answer the amount of the defendant's salary or wages and whether the defendant's earnings are paid weekly, bi-weekly, monthly or otherwise. THE GARNISHEE SHALL DEDUCT AND RETAIN 25% of the "disposable earnings" from the defendant's salary or wages each pay period until the judgment in the amounts set forth in the judgment debtor's motion, as described below.   The Garnishee shall be reimbursed from

administrative costs and may collect up to $5.00 against the defendant's salary or wages for the first deduction and up to $2.00 for each deduction thereafter.  The amount set forth in the judgment creditor's motion is: (a) a judgment against defendants JEYASELVAN KANAGASABAPATHY and GIRDHARI SANKAR in the amount of $457,601.14, plus interest at the legal rate since December 19, 2012.

FAILURE TO FILE AND ANSWER within the time required may cause a default and judgment to be entered against the Garnishee for the amount remaining unpaid on the judgment against the original defendant with costs.

Dated on _____.

_____
Charlene Edwards Honeywell
United States District Judge

## NOTICE TO JUDGMENT DEBTORS OF RIGHT AGAINST
## <u>GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY</u>

The Writ of Garnishment delivered to you with this Notice means that wages, money and other property belonging to you have been garnished to pay a court judgment against you.

**HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY OR PROPERTY.  READ THIS NOTICE CAREFULLY.**

State and federal laws provide that certain wages, money and property, even if deposited in a bank, savings and loan or credit union, may not be taken to pay certain types of court judgments.  Such wages, money and property are exempt from garnishment.  The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing.  This list does not include all possible exemptions.  You should consult a lawyer for specific advice.

**TO KEEP YOUR WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED.  YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS.  YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.**

If you request a hearing, it will be held as soon as possible after the court receives your request.  The plaintiff must file any objection within 8 business days if you hand-delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 days if you mailed a copy of the form for claim and request to the plaintiff.  If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the

other parties of the time and date of the hearing.  You may attend the hearing with or without an attorney.  If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money or property will be released.

**YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT.  THE CLERK CANNOT GIVE YOU LEGAL ADVICE.   IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER.   IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE.  CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.**

*CLAIM OF EXEMPTION AND REQUEST FOR HEARING*

I claim exemptions from garnishment under the following categories as checked:

_____    1.    Head of family wages.  (You must check a. or b. below).

_____        a.    I provide more than one-half of the support for a child or other dependent and  have net earnings of $750 or less per week.

_____        b.    I provide more than one-half of the support for a child or other dependent, have  net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

_____    2.    Social Security benefits.

_____    3.    Supplemental Security Income benefits.

_____    4.    Public assistance (welfare).

_____    5.    Workers' Compensation.

_____    6.    Unemployment Compensation.

_____    7.    Veterans' benefits.

_____    8.    Retirement or profit-sharing benefits or pension money.

| | 9. | Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract. |

_____     9.     Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

_____     10.     Disability income benefits.

_____     11.     Prepaid College Trust Fund or Medical Savings Account.

_____     12.     Other exemptions as provided by law.  _____
                     _____ (explain)

I request a hearing to decide the validity of my claim.  Notice of hearing should be given to me at:

Address:_____
Telephone Number:_____

The statements made in this request are true to the best of my knowledge and belief.


_____
Defendant's signature

Date:_____


STATE OF _____)
                                      : ss.
COUNTY OF _____)

          Sworn and subscribed to before me this ____ day of _____, 2017, by _____
_____.

Notary Public/Deputy Clerk
Personally Known ___ OR Produced Identification _____
Type of Identification Produced _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POSER INVESTMENTS, INC.,

      Plaintiff,

v.                                   Case No:  6:13-mc-18-Orl-36TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

      Defendants.

_____

## ORDER

This case comes before the Court without a hearing on the following motions:

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against Sun Hospitality Inn, LLC (Doc. 11);

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JLM Hotels, LLC D/B/A Sun Inn and Suites (Doc. 12);

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JL Hotel Management, LLC (Doc. 13); and

- Judgment Creditor's Ex Parte Motion for Issuance of Continuing Writ of Garnishment Against JL Hospitality Management, LLC (Doc. 14).

In each motion, Plaintiff Poser Investments, Inc. alleges that: (1) it holds an unsatisfied judgment totaling $457,601.14 exclusive of interest, against Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally; (2) Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy do not have in their possession visible property upon which levies can be made sufficient to satisfy the debt; and (3) Plaintiff has reason to believe that the garnishee named in each motion has in its possession or control, monies owed to Jeyaselvan Kanagasabapathy.

By rule:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs the extent to which it applies.

FED. R. CIV. P. 69(a)(1).

Under Florida law:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

FLA. STAT. § 77.01.

Florida law provides for the issuance of a writ of garnishment:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution.

FLA. STAT. § 77.03.

Plaintiff having complied with Rule 69(a)(1) and FLA. STAT. §§ 77.01 and 77.03, the motions are **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writs of garnishment (Doc. 11 at 10; Doc. 12 at 10; Doc. 13 at 10; Doc. 14 at 10).

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

     Plaintiff

v.                                       6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

     Defendants,

_____/

## CONTINUING WRIT OF GARNISHMENT

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

     **YOU ARE HEREBY COMMANDED** to summon garnishee Sun Hospitality Inn, LLC

to serve an answer to this writ on Jones Walker LLP, 201 South Biscayne Boulevard Suite 2600,

Miami, Florida 33131 (miamiservice@joneswalker.com), within 20 days after service on the

garnishee, exclusive of the day of service, and to file the original with the clerk of this court either

before service on the attorney or immediately thereafter, stating whether the garnishee is indebted

to the judgment debtor(s) JEYASELVAN KANAGASABAPATHY for salary or wages at the

time of the answer.

     THE GARNISHEE SHALL REPORT in its answer the amount of the defendant's salary

or wages and whether the defendant's earnings are paid weekly, bi-weekly, monthly or otherwise.

THE GARNISHEE SHALL DEDUCT AND RETAIN 25% of the "disposable earnings" from the

defendant's salary or wages each pay period until the judgment in the amounts set forth in the

judgment debtor's motion, as described below.    The Garnishee shall be reimbursed from

{M1417657.1}

administrative costs and may collect up to $5.00 against the defendant's salary or wages for the first deduction and up to $2.00 for each deduction thereafter. The amount set forth in the judgment creditor's motion is: (a) a judgment against defendants JEYASELVAN KANAGASABAPATHY and GIRDHARI SANKAR in the amount of $457,601.14, plus interest at the legal rate since December 19, 2012.

FAILURE TO FILE AND ANSWER within the time required may cause a default and judgment to be entered against the Garnishee for the amount remaining unpaid on the judgment against the original defendant with costs.

Dated on ___2/27/18___.

ELIZABETH M. WARREN
Clerk of Court