UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POSER INVESTMENTS, INC.,

    Plaintiff,

v.                                            Case No:   6:13-mc-18-Orl-36TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Seal Exhibit to Affidavit in Support of Second Renewed Verified Motion for Charging Order (Doc. 25). Defendant Jeyaselvan Kanagasabapathy has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla.

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

Plaintiff seeks leave of Court to file a LexisNexis Accurint report containing alias names purportedly used by Kanagasabapathy (Id., ¶ 10). Plaintiff represents that the report also contains confidential and/or private identifying information for Kanagasabapathy.

The public enjoys a qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). The right applies to all material submitted "in connection with a substantive motion," and it requires the Court to balance the interest of the parties in keeping the information confidential with the interest of the public in making it available. Id. at 1312-13. In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007).

In this district, a party seeking to file information under seal must first comply with the procedural requirements in Local Rule 1.09. The moving party must file a motion to seal, identifying and describing each item proposed for sealing. Id. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4)

the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id. Plaintiff's motion satisfies the requirements of Local Rule 1.09.

The Court finds that the LexisNexis Accurint report contains confidential information that is relevant to Plaintiff's application for a charging order. The Court also finds that disclosure of the information may harm Kanagasabapathy's privacy interest, the information does not concern public officials or public concerns, there does not appear to be a less onerous alternative to sealing the information, and Kanagasabapathy will have an opportunity to respond to the information. Accordingly, Plaintiff's motion to seal is **GRANTED**. Plaintiff shall file and the Clerk shall maintain the Accurint report **UNDER SEAL** for one year from the rendition of this Order. Any party may move to extend the seal at any time prior to the expiration of the seal.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties