UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POSER INVESTMENTS, INC.,

    Plaintiff,

v.                                                    Case No:   6:13-mc-18-Orl-36TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

    Defendants.

## ORDER

This matter comes before the Court on the Verified Motion for Defaults and for Order to Show Cause, filed by Judgment Creditor Poser Investments, Inc. (Doc. 31). Upon due consideration, the motion is **granted in part** and **denied in part**.

### Background

On December 19, 2012, the United States District Court for the District of New Jersey (Case Number 2:11-cv-2503-WJM-MF) entered an Order & Judgment in favor of Plaintiff Travelodge Hotels, Inc. and against Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally, in the amount of $457,601.14 (Doc. 1 at 2). On February 21, 2013, Travelodge registered the judgment in this Court (Doc. 1). Subsequently, Poser Investments, Inc. ("Poser"), as assignee of the judgment, was substituted in the place of Travelodge Hotels, Inc. (Docs. 5, 6). The Order & Judgment and Assignment of Judgment were recorded in the Official Records of Duval County, Florida and the Official Records of Osceola County, Florida, and a judgment lien certificate has been filed with the Florida Department of State. According to the verified

motion, the judgment remains uncollected and unsatisfied (Doc. 9 at 2).

On February 14, 2018, the Court entered an order granting Poser's motion for a charging order against Sun Hospitality Inn, LLC; JL Hospitality Management, LLC; and JL Hotel Management, LLC[1] (Doc. 10). Two weeks later, the Court granted Poser's request for writs of garnishment to be issued against Sun Hospitality Inn, LLC; JLM Hotels LLC d/b/a Sun Inn and Suites; JL Hospitality Management, LLC; and JL Hotel Management, LLC (collectively "Garnishees") (Doc. 15). Now, Poser asks the Court to enter defaults against Garnishees for their failure to answer or otherwise respond to the continuing writs of garnishment (Doc. 31). Poser also asks that the Court to order the Garnishees to show cause why final judgments should not be entered against them (Id.).

## Discussion

Florida Statute § 77.081(1) states that "[i]f the garnishee fails to answer as required, a default shall be entered against him or her." The writs of garnishment in this case were served on the Garnishees on March 21, 2018 (Doc. 31-1 at 2, 5, 8, 11). Garnishees were advised that upon service, they had twenty (20) days to serve an answer i.e., through April 10, 2018 (Id., at 3, 6, 9, 12). None of the Garnishees filed answers to the writs (Docket). Because they have failed to answer the continuing writs of garnishment, Clerk's defaults will be entered against all of the Garnishees. See FLA. STAT. § 77.081(1); Epoch Prop., Inc. v. Great Am. Ins. Co., Case No. 6:15-cv-700-Orl-41DAB, 2015 WL 4645430, at *3 (M.D. Fla. Aug. 4, 2015).

However, Poser's request for the Court to enter a show cause order is denied. Poser has not provided any legal basis for its request and has not established its

---

[1] I denied the motion (without prejudice) as to JLM Hotels LLC d/b/a Sun Inn and Suites because Poser failed to establish that Jeyaselvan Kanagasabapathy holds an ownership interest in the company (Doc. 10 at 5).

entitlement to the entry of final judgment against each Garnishee "in excess of the garnishee's liability to the garnishment defendant." Patino v. El Rey Del Chivito Corp., No. 10-23726-CIV, 2013 WL 5652056, at *2 (S.D. Fla. Oct. 15, 2013) (citing Henry P. Trawick, Jr., Trawick's Fla. Prac. and Proc., § 33-6, at 599 (1995 ed.)). Poser references FLA. STAT. § 77.081(2) as its basis for seeking final judgment in an amount equal to the full amount of the judgment but its reliance on this statute is misguided. The statute only governs prejudgment garnishments and, therefore, has no application here. Sec. Bank, N.A. v. Bell South Advert. & Pub. Corp., 679 So. 2d 795, 798, 800 (Fla. 3d DCA 1996), aff'd Bell South Advert. & Pub. Corp. v. Sec. Bank, N.A., 698 So. 2d 254, 256 (Fla. 1997) (The Florida Supreme Court "find[s] that section 77.081(2) applies only to a prejudgment writ of garnishment and that a writ of garnishment under chapter 77 asserts a claim for an unliquidated sum").

Through the writs, the Court has directed the Garnishees to pay Poser whatever money they owe to the judgment debtors as salary or wages. Those are unliquidated sums.[2] See Sec. Bank, N.A., 679 So. 2d 795, 798, 800 (Fla. 3d DCA 1996). "It is well settled that when a plaintiff obtains a default in a suit for unliquidated damages, the default only establishes liability. It remains necessary for the plaintiff to prove its damages at a hearing after notice to the defaulting party." Sec. Bank, N.A., 679 So. 2d at 798.

In other words, a party's default alone does not require the Court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). The

---

[2] "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded … However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment … A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." Security Bank, N.A., 679 So. 2d at 800 (quoting Bowman v. Kingsland Dev., Inc., 432 So. 2d 660 (Fla. 5th DCA 1983)).

party seeking default judgment has the burden of establishing proof of all allegations, including damages. Likewise, the Court bears a responsibility to conduct an inquiry to ascertain the proper amount of damages. Cf. Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." Id. at 1544; cf. FED. R. CIV. P. 55(b)(2)(B)-(D).

"A garnishee cannot be held liable for the entire judgment against the debtor ... the garnishee is liable solely for the amount the garnishee owes to the debtor" 30 Am. Jur. 2d Executions, Etc. §556. "After default, no judgment can be entered against a garnishee in excess of the amount remaining unpaid on the judgment against the garnishment defendant **or in excess of the garnishee's liability to the garnishment defendant**." Id. (emphasis added) (citing Sec. Bank, N.A., 679 So. 2d 795).

### Conclusion

Upon consideration of the foregoing, it is hereby **ORDERED** that,

(1) Poser's Verified Motion for Defaults and For Order to Show Cause is **GRANTED** to the extent it seeks the entry of clerk's default against the Garnishees. The Clerk is instructed to ENTER default against all of the Garnishees.

(2) The motion is **DENIED** in all other respects.

(3) Once the defaults have been entered, Poser is **DIRECTED** to file a motion for default final judgment, at which time it **SHALL** either (1) demonstrate that each Garnishee owes a liquidated sum to the debtor(s) and now to Poser, or (2) contact the Court's Courtroom Deputy to schedule an evidentiary hearing on the issue of damages.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties