UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

    Plaintiff

v.                                                                                6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

    Defendants,

_____/

**JUDGMENT CREDITOR'S *EX PARTE* MOTION FOR
ISSUANCE OF WRIT OF GARNISHMENT AGAINST
<u>BRANCH BANKING AND TRUST COMPANY</u>**

    Plaintiff/Judgment Creditor Poser Investments, Inc. ("Poser") moves for issuance of a writ of garnishment as to Branch Banking and Trust Company ("Garnishee") and asserts:

    1.    On December 19, 2012, the United States District Court for the District of New Jersey in Case Number 2:11-cv-02503-WJM-MF entered the Order & Judgment in favor of plaintiff Travelodge Hotels, Inc. and against defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally, in the amount of $457,601.14.

    2.    On April 23, 2013, the Order & Judgment was registered in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1963 by the filing of the Certification of Judgment for Registration in Another District. *See* D.E. 1.

    3.    On December 12, 2017, the Court entered the Order (D.E. 6) substituting Poser as the Plaintiff/Judgment Creditor.

    4.    Pursuant to Federal Rule of Civil Procedure 69, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the

{M1519407.1}

procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

5.  Florida Statute Section 77.01 *et. seq.* allows recovery of a money judgment via a Writ of Garnishment. The statute reads in pertinent part:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

Fla. Stat. § 77.01.

6.  Moreover, the Florida Supreme Court has held that a plaintiff is entitled to issuance of a post-judgment writ of garnishment upon motion and without notice or an opportunity of the defendant to be heard. *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978) ("we hold that neither due process under the Fourteenth Amendment of the United States Constitution nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue"). Courts of this District have recognized the same principle. *See, e.g., Francois v. Washmonbo, Inc.*, No. 05-cv-23368, 2008 WL 2694752, at *1 (S.D. Fla. Jul. 8, 2008) (noting that "writs of garnishment may be issued on an *ex parte* basis" and holding that "having obtained a final judgment . . . Defendant is entitled to a writ of garnishment and it is not necessary to hold a hearing or provide notice prior to issuing the writ.") (citing *First Union Nat'l Bank of Fla. v. Knyal*, 874 So. 2d 716, 717 (Fla. 4th DCA 2004)).

7.  Under the applicable Florida Statutes notice is provided to a defendant after service of the Writ of Garnishment. *See* Fla. Stat. §§ 77.041(2) & 77.055. In addition to Chief Magistrate

Judge Simonton's holdings in *Francois*, No. 05-cv-23368, 2008 WL 2694752, at *1 ("writs of garnishment may be issued on an *ex parte* basis"), sister courts in the Middle District of Florida have recognized that judgment creditors may serve motions for writs of garnishment on an *ex parte* basis. *See Rossi v. Billmyre*, 2:15-cv-180-FtM-29MRM, 2017 WL 3131103, at *2 (M.D. Fla. Jul. 24, 2017) ("Moreover, under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor."); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 6:14-cv-307-Orl-40GJK, 2016 WL 7134849, at *1 (M.D. Fla. Apr. 14, 2016) ("Under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor."); *Export Development Canada v. Xacore*, 8:12-cv-1244-T-17EAJ, 2013 WL 57693, at *1 (M.D. Fla. Jan. 3, 2013) ("Under Florida law, postjudgment writs of garnishment may be issued ex parte and without notice to the judgment debtor.").

8. Poser believes that the judgment debtors do not have in his possession visible property on which a levy can be made sufficient to satisfy the judgment, and judgment creditor moves for a writ of garnishment pursuant to Florida Statute Section 77.03, against garnishees

9. Garnishee may be indebted to, or have tangible or intangible personal property of the judgment debtors in its hands, possession, or control, and moves the Clerk of the Court to issue a Writ of Garnishment, commanding Garnishee to answer according to law.

10. The proposed order granting all pending (or soon to be pending) garnishments is attached here as **Exhibit 1**.

11. The proposed Writ of garnishment is attached hereto as **Exhibit 2**.

**WHEREFORE,** judgment creditor requests that the Court issue a writ of garnishment to Garnishee.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

On June 19, 2018 at 2:41 pm, undersigned counsel Mr. Turner spoke to Christopher Lerch, Esq., counsel to Mr. Kanagasapathy in compliance with Local Rule 3.01(g). Mr. Lerch indicated that he does not consent to the relief requested in the Motion.

On June 15, 2018, undersigned counsel Mr. Turner ran a LexisNexis report to discovery Mr. Sankar's telephone number. One active and one inactive telephone number was on the report. On June 15, 2018 at approximately 11:59 am, I called both telephone numbers from the LexisNexis report and left a voicemail message. On June 15, 2018 at approximately 1:33 pm, I both telephone numbers from the LexisNexis report and left a voicemail message. On June 18, 2018 at approximately 3:27 pm, I both telephone numbers from the LexisNexis report and left a voicemail message. On June 19, 2018 at approximately 2:47 pm, I both telephone numbers from the LexisNexis report and left a voicemail message.

Although listed on the case caption, Ravin Hotels & Investments, LLC is not a party to the judgment registered in this action and is not a party in interest to this Motion.

Dated: June 19, 2018                                              Respectfully submitted,

                                                                  */s/ Barry S. Turner*
                                                                  Ben H. Harris, III, Esq.
                                                                  Florida Bar No. 49866
                                                                  Michael Anthony Shaw, Esq.
                                                                  Florida Bar No. 18045
                                                                  Barry S. Turner, Esq.
                                                                  Florida Bar No. 85535
                                                                  Zachary D. Ludens, Esq.
                                                                  Florida Bar No. 111620
                                                                  **JONES WALKER LLP**
                                                                  201 South Biscayne Boulevard, Suite 2600
                                                                  Miami, Florida 33131
                                                                  Telephone: (305) 679-5700
                                                                  Fax: (305) 679-5710
                                                                  miamiservice@joneswalker.com
                                                                  *Counsel for Poser Investments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and entities identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                  */s/ Barry. S. Turner*
                  Barry S. Turner, Esq.

## SERVICE LIST
**Poser Investments, Inc. v. Ravin Hotels & Investments, LLC, et al.**
**USDC, MD Fla., Case No. 6:13-mc-00018-CEH-TBS**

Michael A. Nardella, Esq.
Florida Bar No. 051265
Christopher D. Lerch, Esq.
Florida Bar No. 91801
Nardella & Nardella, PLLC
250 E. Colonial Drive, Suite 102
Orlando, FL 32801
Telephone: (407) 966-2680
mnardella@nardellalaw.com
clerch@nardellalaw.com
afebres@nardellalaw.com
*Counsel for Defendant, Jayaselvan Kanagasabapathy*
<u>Via CM/ECF</u>

GIRDHARI SANKAR
14201 Woodchip Ct
Orlando, FL 32824-6622
<u>Via US Mail</u>

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

    Plaintiff

v.                                                                   6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

    Defendants,

_____/

**<u>ORDER</u>**

        This matter comes before the Court on Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Branch Banking and Trust Company (D.E. \_\_\_), Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Bank of America Corporation (D.E. \_\_\_), Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against PNC Bank, National Association (D.E. \_\_\_), Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Regions Bank (D.E. \_\_\_), and Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against IBERIABANK (D.E. \_\_\_). On December 19, 2012, the United States District Court for the District of New Jersey in Case Number 2:11-cv-02503-WJM-MF entered the Order & Judgment in favor of plaintiff Travelodge Hotels, Inc. and against defendants Girdhari Sankar and Jeyaselvan Kanagasabapath, jointly and severally, in the amount of $457,601.14. On February 21, 2013, the Order & Judgment was registered in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1963. *See* D.E. 1. On November 21, 2017, the Court entered the Order (D.E. 6) finding that the Order & Judgment had been transferred and assigned to Poser Investments, Inc. and that Poser Investments,

1

Inc. is the Plaintiff/Judgment Creditor. Plaintiff believes that defendant/judgment debtor Jeyaselvan Kanagasabapath may be indebted to, or have tangible or intangible personal property of the judgment debtors in its hands, possession, or control of the garnishee and now files its ex parte Motions requesting that this Court issue a Writs of Garnishment directed to garnishees Branch Banking and Trust Company, Bank of America Corporation, Regions Bank, PNC Bank, National Association, and IBERIABANK in order to recover on the outstanding Judgment. Accordingly, it is now **ORDERED**:

1. Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Branch Banking and Trust Company (D.E. \_\_\_\_) is **GRANTED**.

2. Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Bank of America Corporation (D.E. \_\_\_\_) is **GRANTED**.

3. Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against Regions Bank (D.E. \_\_\_\_) is **GRANTED**.

4. Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against PNC Bank, National Association (D.E. \_\_\_\_) is **GRANTED**.

5. Judgment Creditor's Ex Parte Motion for Issuance of Writ of Garnishment against IBERIABANK (D.E. \_\_\_\_) is **GRANTED**.

6. The Court shall separately issue the Writs of Garnishment upon the garnishees Branch Banking and Trust Company, Bank of America Corporation, Regions Bank, PNC Bank, National Association, and IBERIABANK.

**DONE AND ORDERED**, this \_\_\_\_ day of _____, 2018.

_____
**Charlene Edwards Honeywell**
**United States District Judge**

Copies to:   Counsel of record

# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.

    Plaintiff

v.	6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR and
JEYASELVAN KANAGASABAPATHY,

    Defendants,

_____/

## WRIT OF GARNISHMENT

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

    **YOU ARE HEREBY COMMANDED** to summon garnishee ***Branch Banking and Trust Company*** by serving an officer at any branch, to serve an answer to this writ on Jones Walker LLP, 201 South Biscayne Boulevard Suite 2600, Miami, Florida 33131 (miamiservice@joneswalker.com), within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to the judgment debtor(s) **GIRDHARI SANKAR and/or JEYASELVAN KANAGASABAPATHY,** at the time of the answer or was indebted at the time of service of the writ, plus sufficient time not to exceed one (1) business day for the garnishee to act expeditiously on the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the judgment debtor(s) the garnishee has in its possession or control at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee

knows of any other person indebted to the judgment debtor(s), or who may be in possession or control of any of the property of the judgment debtor(s).  The amount set forth in the judgment creditor's motion is $457,601.14, plus interest at the legal rate since December 19, 2012.

Dated on _____ .

                                                                                                     _____
                                                                                                     ELIZABETH M. WARREN
                                                                                                     Clerk of Court

**NOTICE TO JUDGMENT DEBTORS OF RIGHT AGAINST**
GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money and other property belonging to you have been garnished to pay a court judgment against you. **HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY OR PROPERTY. READ THIS NOTICE CAREFULLY.**

State and federal laws provide that certain wages, money and property, even if deposited in a bank, savings and loan or credit union, may not be taken to pay certain types of court judgments. Such wages, money and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

**TO KEEP YOUR WAGES, MONEY AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.**

If you request a hearing, it will be held as soon as possible after the court receives your request. The plaintiff must file any objection within 3 business days if you hand-delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 8 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money or property will be released.

**YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.**
*CLAIM OF EXEMPTION AND REQUEST FOR HEARING*

{M1519408.1}   3

I claim exemptions from garnishment under the following categories as checked:

|   | | |
|---|---|---|
| _____ | 1. | Head of family wages. (You must check a. or b. below). |
| _____ | a. | I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week. |
| _____ | b. | I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished. |
| _____ | 2. | Social Security benefits. |
| _____ | 3. | Supplemental Security Income benefits. |
| _____ | 4. | Public assistance (welfare). |
| _____ | 5. | Workers' Compensation. |
| _____ | 6. | Unemployment Compensation. |
| _____ | 7. | Veterans' benefits. |
| _____ | 8. | Retirement or profit-sharing benefits or pension money. |
| _____ | 9. | Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract. |
| _____ | 10. | Disability income benefits. |
| _____ | 11. | Prepaid College Trust Fund or Medical Savings Account. |
| _____ | 12. | Other exemptions as provided by law. _____ _____ (explain) |

I request a hearing to decide the validity of my claim. Notice of hearing should be given to me at:

Address:_____

Telephone Number:_____

The statements made in this request are true to the best of my knowledge and belief.

_____          Date:_____
Defendant's signature

STATE OF _____)
                            : ss.
COUNTY OF _____)

Sworn and subscribed to before me this ____ day of _____, 201___, by _____
_____.


_____
Notary Public/Deputy Clerk
Personally Known ___ OR Produced Identification _____
Type of Identification Produced _____

{M1519408.1}                                    4