UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.,
.
      Plaintiff

v.                              6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR, and
JEYASELVAN KANAGASABAPATHY,

      Defendants,
_____/

## **STIPULATION**

This stipulation (the "Agreement") is made and entered into by and between Poser Investments, Inc., California corporation ("Poser"), Jeyaselvan Kanagasabapathy ("Kanagasabapathy"), JLM Hotels, LLC, a Florida limited liability company ("JLM Hotels"), JL Hotel Management, LLC, a Florida limited liability company ("JL Hotel Management"), JL Hospitality Management, LLC, a Florida limited liability company ("JL Hospitality"), and Sun Hospitality Inn, LLC, a Florida limited liability company ("Sun Hospitality") (JLM Hotels, JL Hotel Management, JL Hospitality, and Sun Hospitality are referred to collectively hereinafter as the "JK Entities"; Poser, Kanagasabapathy, and the JK Entities are referred to collectively hereinafter as the "Parties").  The Parties stipulate and agree as follows:

1.     Poser is the owner and holder of a judgment entered on December 19, 2012 by the United States District Court for the District of New Jersey in the case styled as *Travelodge Hotels, Inc. v. Ravin Hotels & Investments, LLC, Girdhari Sankar, and Jeyaselvan Kanagasabapathy*, Case No. 2:11-cv-02503-WJM-MF in favor of Travelodge Hotels, Inc. and against Kanagasabapathy and Girdhari Sankar in the amount of $457,601.14, plus interest at the statutory rate (the "Judgment").  On February 21, 2013, the Judgment was registered in the

United States District Court for the Middle District of Florida in Case No.: 6:13-mc-00018-CEH-TBS (the "Court"). On November 30, 2016, Travelodge Hotels, Inc. assigned the Judgment to Poser Investments, Inc.

2.    As of June 20, 2018, Kanagasabapathy and Girdhari Sankar are indebted to Poser on the Judgment as follows:

| Judgment | $ | 457,601.14 |
|---|---|---|
| Interest (.150% for 2,009 days) | $ | 3,778.03 |
| Post-judgment payment received | $ | (1,439.20) |
| Attorneys' Fees and Costs | $ | 30,000.00 |
| **Total Indebtedness as of June 20, 2018** | **$** | **489,939.97** |

3.    Solely and exclusively as the Judgment relates to Kanagasabapathy, Poser agrees to forbear from (i) taking or pursuing any further actions, efforts, activities or proceedings; (ii) seeking or attempting to enforce or obtain collection of the Judgment; and (iii) the exercise of Poser's rights and remedies, whether at law, in equity, by agreement or otherwise, available to it as result of the Judgment, all collectively referred to as the "Forbearance" so long as:

a. Poser receives payment of TWO HUNDRED NINETY FIVE THOUSAND DOLLARS and NO CENTS ($295,000.00) from Kanagasabapathy as follows:

i. On or before June 26, 2018, Poser receives payment of FIFTY THOUSAND DOLLARS and NO CENTS ($50,000.00) from Kanagasabapathy;

ii. On or before July 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY FOUR CENTS ($40,833.34) from Kanagasabapathy;

iii. On or before August 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY FOUR CENTS ($40,833.34) from Kanagasabapathy;

iv. On or before September 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY FOUR CENTS ($40,833.34) from Kanagasabapathy;

v. On or before October 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY FOUR CENTS ($40,833.34) from Kanagasabapathy;

vi. On or before November 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY FOUR CENTS ($40,833.34) from Kanagasabapathy;

vii. On or before December 26, 2018, Poser receives payment of an additional FORTY THOUSAND EIGHT HUNDRED THIRTY THREE DOLLARS and THIRTY CENTS ($40,833.30) from Kanagasabapathy;

viii. Kanagasabapathy and/or the JK Entities shall refrain from making any claim against Poser, or any of Poser's predecessors in interest,

and shall otherwise perform in strict accordance with each and every provision contained in this Agreement;

ix. Nothing in this Agreement, including the releases herein, shall exclude, prevent, discharge, and/or release the Parties from performing any of the obligations set forth within this Agreement;

x. Poser may apply all payments herein at its sole discretion; and

xi. Nothing in this agreement shall release, satisfy, or discharge Girdhari Sankar from the Judgment. The Forbearance pursuant to this Agreement shall not apply, benefit, or inure to the benefit of Girdhari Sankar. There shall be no obligation for Poser to forbear from enforcing the Judgment against Girdhari Sankar.

4.     If any payment or other obligation under this Agreement is not made in full or performed in full, when due and in the form required herein, same shall constitute a default hereunder (a "Default"). In the event of a Default, Poser shall not be required to provide any notice whatsoever of any such Default to any party including, without limitation, to Kanagasabapathy or the JK Entities. Poser shall be immediately (i) relieved of the Forbearance; (ii) relieved of the obligation to forbear; (iii) entitled to the ex parte entry of the agreed final judgment attached hereto as **Exhibit 1**; and (iv) entitled to exercise any other rights and remedies it may have to collect the total indebtedness due under the Judgment, less a credit for any payment(s) tendered pursuant to this Agreement.

5.     Except to enforce this Agreement, Kanagasabapathy and the JK Entities, independently or jointly, shall refrain from commencing any action of any kind against Poser arising in any way out of this subject litigation or the Judgment.

{M1523203.1}

6.      In the event of Default, Poser shall be entitled to retain all payments made pursuant to this Agreement.  In the event of Default, this Agreement shall survive except (i) Poser's release of the Kanagasabapathy; (ii) the right of Kanagasabapathy to pay less than the full amount owed on the total indebtedness the Judgment; and (iii) the right of any party to pay less than the full amount owed on the total indebtedness the Judgment.

7.      Payments made pursuant to this Agreement shall be made by wire transfer to counsel for Poser's client trust account.

    a.  Wire Instructions:



8.      Upon the passage of ninety one (91) days from the latter date of receipt by Poser of all payments required herein, and provided that no bankruptcy proceeding has been commenced by or against Kanagasabapathy or the JK Entities, Poser shall release **_solely_** Kanagasabapathy from the Judgment and any claims that were or could have been asserted pursuant to the Judgment.  Should Kanagasabapathy or any of the JK Entities file or become the subject of a bankruptcy proceeding on or before the date that is ninety one (91) days after the latter date of receipt by Poser of the payments required herein, this Agreement shall be in Default and Poser's obligations under this Agreement shall terminate.  Poser, Kanagasabapathy, and the JK Entities agree that, in consideration of the recitals and mutual covenants contained herein, and for other good and valuable consideration, including the Forbearance, the receipt and sufficiency

{M1523203.1}

of which are acknowledged, in the event Kanagasabapathy or any of the JK Entities (i) voluntarily files with any bankruptcy court of competent jurisdiction or be the subject of any petition under Title 11 of the U.S. Code, as amended; (ii) voluntarily is the subject of any order for relief issued under such Title 11 of the U.S. Code, as amended; (iii) voluntarily files or is the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (iv) seeks, consents to, or acquiesces in the appointment of any trustee, receiver, conservator, or liquidator; or (v) is the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a petition filed against such party for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or relief for debtors, Poser shall thereupon be entitled to relief from any automatic stay imposed by Section 362 of Title 11 of the U.S. Code, as amended, or otherwise, on or against the exercise of the rights and remedies otherwise available to Poser under all agreements between Poser, Kanagasabapathy, and the JK Entities, and as otherwise provided by law.  Upon the passage of ninety one (91) days from the latter date of receipt by Poser of all payments required herein, Poser shall provide Kanagasabapathy's counsel via FedEx (at address: Nardella & Nardella, Attn: Christopher Lerch, Esq., 250 East Colonial Drive, Suite 102, Orlando, Florida 32801) with a fully executed satisfaction of judgment, substantially similar to the satisfaction of judgment attached hereto as **Exhibit 2**. Kanagasabapathy shall be solely responsible for the filing of the satisfaction of judgment in any jurisdiction he deems appropriate.

9.      To induce Poser to enter into this Agreement, Kanagasabapathy and the JK Entities, for themselves and their respective agents, attorneys, successors, predecessors, affiliates, members, heirs, personal representatives, and assigns, release Poser Investments, Inc. and its manager(s), attorney(s) in fact,  and affiliates (including, without limitation , Travelodge Hotels, Inc. and Jones Walker LLP); and each of their respective predecessors, successors, assigns, officers, directors, shareholders, partners, employees, agents, affiliates, parents, divisions, and attorneys (collectively, the "**Released Parties**"), jointly and severally, from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions, and causes of action for contribution and indemnity, whether arising at law or in equity (including without limitation, claims of fraud, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted, or suffered to be done by Poser or the Released Parties, which have occurred in whole or in part, or were initiated at any time from the beginning of time up to and immediately preceding the moment of the execution of this Agreement, except for Poser's duties and responsibilities under this Agreement.  The parties agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by applicable laws.

10.     Kanagasabapathy and the JK Entities both agree that all statutes of limitations will be tolled from the date of execution of the Agreement through the later of (a) the date that full performance occurs under this Agreement or (b) the date when a Default occurs.

11.     Poser, Kanagasabapathy, and the JK Entities each had the benefit of counsel, or the opportunity to retain counsel, in connection with executing this Agreement.   Poser, Kanagasabapathy, and the JK Entities execute this Agreement knowingly and voluntarily after undertaking a thorough investigation and consideration of all the relevant facts and circumstances surrounding this action and this Agreement.

12.     Poser, Kanagasabapathy, and the JK Entities have entered into this Agreement without undue influence, fraud, coercion, duress, misrepresentation, or restraint having been practiced upon them in connection with the Agreement.

13.     This Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement binding on all the Parties hereto, notwithstanding that all the Parties are not signatories to the original or the same counterpart.   Delivery of an executed counterpart of a signature page to this Agreement by facsimile or electronic transmission shall be effective delivery of a manually executed counterpart thereof.

14.     The invalidity, illegality, or unenforceability of any provision of this Agreement, pursuant to judicial decree or otherwise, shall not affect the validity or enforceability of any other provision of this Agreement, each of which shall remain in full force and effect.

15.     No failure of any party to exercise any power given under this Agreement, or to insist upon strict compliance with any of the terms or conditions specified in this Agreement, shall constitute a waiver of such party's right to demand strict compliance with the terms of this Agreement.

16.     Nothing contained in this Agreement shall be deemed or construed by the Parties or by any third party to create the relationship of principal and agent, partners, joint venturers, or of any association whatsoever between Poser, Kanagasabapathy, and/or the JK Entities other than the arms-length relationship of creditor and debtors.

17.     This Agreement is intended by the Parties as a final expression of their agreement with respect to the subject matter hereof and as a complete and exclusive statement of the terms and conditions thereof, superseding and replacing all prior negotiations between the Parties, or any of them, whether written or oral.  Any provision of this Agreement may be changed, waived, or terminated only by written instrument signed by an authorized signatory of the party against whom the change, waiver, or termination is sought to be enforced.  Each of the parties to this Agreement acknowledges that no other party, or agent or attorney of any other party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce the other party to execute this Agreement or any of the other documents referred to herein, and each party acknowledges that he, she, or it has not executed this Agreement or such other document(s) in reliance upon any such promise, representation, or warranty not contained herein.  The Parties acknowledge that all of the terms of this Agreement were negotiated at arm's length and that this Agreement and all document(s) executed in connection with it were prepared and executed without undue influence of any kind exerted by any party upon any other party.  No representations have been made by any party regarding the taxability of all or any portion of this Agreement.  The Parties have had the opportunity to seek independent advice regarding the tax consequences of this Agreement, and accept responsibility for satisfaction of any tax obligations that may result from this Agreement.

The Parties acknowledge that any agreements, including waivers, were done intelligently, voluntarily, and with full and complete understanding of the consequences thereof.

18.     It is the intent of the Parties that the Agreement shall not in any way adversely affect the lien(s) held by Poser pursuant to the Judgment or any other pleading entered by the Court.  To the extent this Agreement or any provision hereof shall be construed by a court of competent jurisdiction as subordinating the lien priority of the Judgment to any claim which would otherwise be subordinate thereto (and provided that ruling is not appealed or appealable), such provision or provisions shall be void and of no force and effect; except that this Agreement shall constitute, as to any provision so construed, a lien upon the collateral subordinate to such third party's claims.  The Judgment and this Agreement shall be construed to give Poser the greatest possible cumulative rights and remedies.

19.     The Parties agree that each provision contained in this Agreement shall be construed as independent of any other provision of this Agreement.  In the event any provision or a portion of a provision of this Agreement is found to be unenforceable, that portion of the provision shall be stricken and the remaining portion and provisions of this Agreement shall be enforceable.

20.     This Agreement shall be construed, interpreted, enforced, and governed by and in accordance with the laws of the State of Florida, excluding the principles thereof governing conflicts of law.

21.     This Agreement shall be binding upon, and shall inure to the benefit of, the respective successors and assigns of the Parties.

22.     Time is of the essence of each provision of this Agreement.

{M1523203.1}

23.     **THE PARTIES KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE THE RIGHT ANY OF THEM MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THE JUDGMENT, THIS AGREEMENT, OR ANY DOCUMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTION OF THE PARTIES. THIS PROVISION IS A MATERIAL INDUCEMENT FOR POSER ENTERING INTO THIS AGREEMENT.**

24.     Upon execution of this Agreement the Parties agree to the entry of the order approving this Agreement attached hereto as **Exhibit 3**.  Counsel for Poser is hereby authorized to submit the Stipulation to the Court and seek entry of the order approving this Agreement upon execution of this Agreement by all Parties.

*[Signatures on following page]*

**POSER INVESTMENTS, INC.,**
**a California corporation**

By: _____
Name: _Walter Poser_____
Dated: _6/25/18_____
By: _President_____

STATE OF _____

COUNTY OF _____

Sworn to and subscribed before me on June _____, 2018, by _____, as authorized signatory of Poser Investments, Inc., a California corporation.  He/she signatory is personally known to me and did take an oath.

_____
Signature of person taking acknowledgment

_____
Name of acknowledger typed, printed or stamped
 Notary Public
_____
Title or rank

— Please see attached —

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        }

COUNTY OF _Los Angeles_ }

Subscribed and sworn to (or affirmed) before me on this __25th__ day of __June__, __2018__
                                                                        Date              Month              Year

by __Walter L. Poser__ _____

_____
                                         *Name of Signers*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _Annalesa Duffy_
            *Signature of Notary Public*

```
ANNALESA DUFFY
Notary Public - California
Los Angeles County
Commission # 2152026
My Comm. Expires May 31, 2020
```

*Seal*
*Place Notary Seal Above*

------------------------------------ **OPTIONAL** ------------------------------------

*Though this section is optional, completing this information can deter alteration of the document or fraudulent attachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document:____Settlement Stipulation_____

Document Date:_____

Number of Pages:_____

Signer(s) Other Than Named Above:_____

**JEYASELVAN KANAGASABAPATHY**

By: _K. _____

Jeyaselvan Kanagasabapathy, individually

Dated: _06/25/18_____

STATE OF _Florida____ )

: ss.

COUNTY OF _Osceola____ )

The foregoing instrument was acknowledged before me on June 25th 2018, by Jeyaselvan Kanagasabapathy, individually.  He is personally known to me or has produced _____ _FL DIL_____ (type of identification) as identification and did not take an oath.

_SoAnnette Castro_____

Signature of person taking acknowledgment

_SoAnnette Castro_____

Name of acknowledger typed, printed or stamped

_Notary Public_____

Title or rank _Assistant Branch Manager_

SOANNETTE I. CASTRO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG034333
Expires 11/28/2020

**JLM HOTELS, LLC,**
**a Florida limited liability company**

By: _K._____

Name: _JEYASELVAN KANAGASABAPATHY_

Its: _Managing Member._

STATE OF _Florida____ )

: ss.

COUNTY OF _Osceola____ )

Sworn to and subscribed before me on June 25th, 2018, by _Jeyaselvan Kanagasabapathy_, as authorized signatory of JL Hotels, LLC, a Florida limited liability company. He/She is personally known to me or has produced _FL DIL_____ (type of identification) as identification and did not take an oath.

_SoAnnette Castro_____

Signature of person taking acknowledgment

_So Annette Castro_____

Name of acknowledger typed, printed or stamped

_Notary Public_____

Title or rank _Assistant Branch Manager_

SOANNETTE I. CASTRO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG034333
Expires 11/28/2020

{M1523203.1}

14

**JL HOTEL MANAGEMENT, LLC,**
**a Florida limited liability company**

By: _K. _____
Name: _JEYASELVAN, KANAGASANAPATHY_
Its: _Managing Member_ .

STATE OF _Florida_ )
                          : ss.
COUNTY OF _Osceola_ )

Sworn to and subscribed before me on June 25th, 2018, by _Jeyaselvan Kanagasabapathy_ as authorized signatory of JL Hotel Management, LLC, a Florida limited liability company. He/She is personally known to me or has produced _FL DIL_ (type of identification) as identification and did not take an oath.

_Soannette Castro_
Signature of person taking acknowledgment
_SoAnnette Castro_
Name of acknowledger typed, printed or stamped
Notary Public
Title or rank _Assistant Branch Manager_

SOANNETTE I. CASTRO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG034333
Expires 11/28/2020

**JL HOSPITALITY MANAGEMENT, LLC,**
**a Florida limited liability company**

By: _K. _____
Name: _JEYASELVAN, KANAGASABAPATHY_
Its: _Managing Member_ .

STATE OF _Florida_ )
                          : ss.
COUNTY OF _Osceola_ )

Sworn to and subscribed before me on June 25th, 2018, by _Jeyaselvan Kanagasabapathy_ as authorized signatory of JL Hospitality Management, LLC, a Florida limited liability company. He/She is personally known to me or has produced _FL DIL_ (type of identification) as identification and did not take an oath.

_Soannette Castro_
Signature of person taking acknowledgment
_SoAnnette Castro_
Name of acknowledger typed, printed or stamped
Notary Public
Title or rank _Assistant Branch Manager_

SOANNETTE I. CASTRO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG034333
Expires 11/28/2020

{M1523203.1}

**SUN HOSPITALITY INN, LLC,**
**a Florida limited liability company**

By: _K. _____

Name: _JEYASELAN, KARASASAPATHY_

Its: _Managing Member_

STATE OF _Florida_ )

                 : ss.

COUNTY OF _Osceola_ )

    Sworn to and subscribed before me on June _25th_ 2018, by _Jeyaselan Karasasabapathy_ authorized signatory of Sun Hospitality Inn, LLC, LLC, a Florida limited liability company. He/She is personally known to me or has produced _FL DL_ (type of identification) as identification and did not take an oath.

_Soannette Castro_

Signature of person taking acknowledgment

_So Annette Castro_

Name of acknowledger typed, printed or stamped

 Notary Public

Title or rank _Assistant Branch Manager_

SOANNETTE I. CASTRO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG034333
Expires 11/28/2020

## EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.,

      Plaintiff

v.                                          6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR, and
JEYASELVAN KANAGASABAPATHY,

      Defendants,

_____/

## AGREED FINAL JUDGMENT

This cause came to be heard on Poser Investments, Inc.'s Judgment against Jeyaselvan Kanagasabapathy, the Stipulation (D.E.___) filed on _____, the Order (D.E. ____) entered on _____, and the ex-parte motion to enforce Stipulation (D.E. ___) filed on _____ ("Motion"). Upon the Court's consideration of the Stipulation (D.E.___) filed on _____, the Order (D.E. ____), and the Motion, examination of the pleadings and papers on file, and being further advised in the premises, the Court it is hereby **ORDERS** and **ADJUDGES** as follows:

1. The Motion is **GRANTED**. The Court finds that it has jurisdiction over the subject matter as well as Poser Investments, Inc., JLM Hotels, LLC, JL Hotel Management, LLC, JL Hospitality Management, LLC, and Sun Hospitality Inn, LLC.

2. The Court further **ORDERS AND ADJUDGES** that Poser Investments, Inc. (whose address is P.O. Box 850, Sierra Madre, CA 91025-0850) shall recover from JLM Hotels, LLC (whose address is 5020 W. Irlo Bronson Memorial Hwy, Kissimmee, FL 34746), JL Hotel Management, LLC (whose address is 4125 West Vine Street, Kissimmee, FL 34741), JL

Hospitality Management, LLC (whose address is 4152 W. Irlo Bronson Memorial Hwy, Kissimmee, FL 34741),  and Sun Hospitality Inn, LLC (whose address is 7071 103rd Street, Jacksonville, FL 32210), jointly and severally, the sum of **$489,939.97**, for which let execution issue.

4.      The Court further **ORDERS AND ADJUDGES** that JLM Hotels, LLC, JL Hotel Management, LLC, JL Hospitality Management, LLC, and Sun Hospitality Inn, LLC shall each complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) ("Fact Information Sheet") and serve it on the Plaintiff's attorney within 45 days from the date of this final judgment, unless the judgment is satisfied or post-judgment discovery is stayed.

5.      The Court retains jurisdiction to enter further judgments and orders that are proper, including, without limitation, an order compelling the JLM Hotels, LLC, JL Hotel Management, LLC, JL Hospitality Management, LLC,  and Sun Hospitality Inn, LLC to complete the Fact Information Sheet including all required attachments, and serve it on judgment creditor's attorney or the judgment creditor if the judgment creditor is not represented by an attorney.  The Court further **ORDERS AND ADJUDGES** that it shall retain jurisdiction to enter any other or further orders or relief that are just and proper to adjudicate all claims in this action other than the claims resolved by this judgment and any post-judgment proceedings initiated herein.

**DONE AND ORDERED, this _____ day of _____, 20__.**

_____
**Charlene Edwards Honeywell**
**United States District Judge**

Copies to:      Counsel of record

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.,

     Plaintiff

v.                                                                6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR, and
JEYASELVAN KANAGASABAPATHY,

     Defendants,

_____/

**SATISFACTION OF JUDGMENT**

KNOW ALL PERSONS BY THESE PRESENTS:

That:  Poser Investments, Inc., a California Corporation, the owner and holder of the

Order & Judgment entered by the United States District Court for the District of New Jersey on

December 19, 2012 in Case Number 2:11-cv-02503-WJM-MF in favor of plaintiff Travelodge

Hotels, Inc. and against, *inter alia*, Jeyaselvan Kanagasabapthy in the amount of $457,601.14.

("Judgment")[1], acknowledges receipt of good and valuable consideration in satisfaction thereof,

and hereby releases ***solely*** defendant, Jeyaselvan Kanagasabapthy from the lien of the Judgment

and directs the Clerk of Court to enter said satisfaction and release of record.  This release does

not apply to any judgment debtor(s) other than Jeyaselvan Kanagasabapthy.

    .

*(Remainder of Page Intentionally Left Blank)*

---

[1] The Judgment was transferred and assigned to Poser Investments, Inc. pursuant to  the Assignment of Judgment
dated November 30, 2016.

{M1523203.1}

IN WITNESS WHEREOF, undersigned Poser Investments, Inc., has caused these presents to be executed this ＿＿ day of ＿＿＿＿＿＿＿＿, 2018.

**POSER INVESTMENTS, INC.,**
**a California corporation**

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Name:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Its:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Dated:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

**STATE OF** ＿＿＿＿＿＿＿＿＿＿＿＿
**COUNTY OF** ＿＿＿＿＿＿＿＿＿＿＿

Sworn to and subscribed before me on ＿＿＿＿＿＿ ＿＿＿＿＿, 2018, by ＿＿＿＿＿＿＿＿＿＿＿, as authorized signatory of Poser Investments, Inc., a California corporation.  He/she signatory is personally known to me and did take an oath.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Signature of person taking acknowledgment
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Name of acknowledger typed, printed or stamped
 Notary Public＿＿＿＿＿＿＿＿＿＿＿＿＿
Title or rank

## EXHIBIT 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

POSER INVESTMENTS, INC.,

      Plaintiff,

v.                                 6:13-mc-00018-CEH-TBS

RAVIN HOTELS & INVESTMENTS, LLC
GIRDHARI SANKAR, and
JEYASELVAN KANAGASABAPATHY,

      Defendants,

_____/

## AGREED ORDER APPROVING STIPULATION

This cause came before the court upon the Stipulation (D.E. ___) filed on June ____, 2018 between, Poser Holdings, LLC, Jeyaselvan Kanagasabapathy, JLM Hotels, LLC, JL Hotel Management, LLC, JL Hospitality Management, LLC, and Sun Hospitality Inn, LLC.  Upon consideration, the Court approves and adopts the Stipulation as an order of the court and retains jurisdiction to enforce the Stipulation's terms.

**DONE AND ORDERED, this ____ day of _____, 2018.**

_____
**Charlene Edwards Honeywell**
**United States District Judge**

Copies to:    Counsel of record