UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POSER INVESTMENTS, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No:   6:13-mc-18-Orl-37TBS

RAVIN HOTELS & INVESTMENTS, LLC,
GIRDHARI SANKAR and JEYASELVAN
KANAGASABAPATHY,

    Defendants.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), and based on my review of the record and the representations of counsel for Plaintiff, I certify the following facts to the district judge:

(1) On December 19, 2012, the United States District Court for the District of New Jersey in Case No.: 2:11-cv-02503-WJM-MF entered an Order & Judgment in favor of Plaintiff Travelodge Hotels, Inc. and against Defendants Girdhari Sankar and Jeyaselvan Kanagasabapathy, jointly and severally, in the amount of $457,601.14 (Doc. 1 at 2).

(2) On February 21, 2013, the Judgment was registered in the United States District Court for the Middle District of Florida, Case No.: 6:13-mc-18-Orl-37TBS, pursuant to 28 U.S.C. § 1963 by the filing of a Certification of Judgment for Registration in Another District (Doc. 1).

(3) In or about November 30, 2016, Travelodge assigned the Judgment to Poser Investments, Inc. (Doc. 5-1). Poser was then substituted in the place of Travelodge as Plaintiff in this case (Doc. 6).

(4) The Judgment has not been satisfied of record.

(5) On July 9, 2018, Poser served its Judgment Creditor's Notice of Intent to Serve Subpoena to Testify at Deposition in Civil Action by regular mail on Defendant Girdhari Sankar (Doc. 50, ¶ 4). The Subpoena set Sankar's deposition and required the production of documents on August 14, 2018 at 10:00 a.m. at Orange Legal Orlando, 633 E. Colonial Drive, Orlando, FL 32803 (Id., at 10).

(6) On July 14, 2018, the Subpoena, along with the required witness fee, was personally served on Sankar (Id., at 20).

(7) Sankar failed to attend the August 14, 2018 deposition and failed to produce the documents compelled by the Subpoena (Id., at 24).

(8) On August 15, 2018, counsel for Poser sent Sankar a letter regarding his non-appearance at the deposition and failure to produce documents. In the letter, counsel attempted to reschedule the deposition (Id., at 26).

(9) Counsel for Poser called and left voicemail messages for Sankar on August 15, 27, 28 and 29 (Id., ¶¶ 9-12). Sankar did not respond to counsel's attempts to reschedule the deposition (Id., ¶ 13).

(10) Poser filed a Motion for Order to Show Cause as to Why Girdhari Sankar Should Not be Held in Contempt of Court and for Sanctions (Id.). After reading the motion, I entered an Order directing Sankar to appear in-person in Courtroom 4C of the United States District Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 at 10:00 a.m. on October 18, 2018 to show cause why he should not be held in contempt and sanctioned for failing to obey the Subpoena (Doc. 51).

(11) Poser sent a copy of the Order to show cause to Sankar by regular mail and Federal Express (Hearing; Doc. 55 at 4). Poser also employed a process server to serve

a copy of the Order to show cause on Sankar (Doc. 55 at 7). The Affidavit of Service states that the Order to show cause was delivered to:

> JOHN DOE (NAME REFUSED) as REFUSED at the address of: 1420 WOODCHIP COURT, ORLANDO, FL 32824, the within named person's usual place of Abode, who resided therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

(Id.) (Emphasis in original).

Because Sankar has failed to obey the Subpoena and my Order to Show Cause, there is no reason to think another order issued by me, compelling compliance with the Subpoena would be obeyed. Therefore, I am filing this Report and Recommendation pursuant to § 636(e)(6)(B)(iii) which provides that in non-consent cases like this one, where an act constitutes civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

One court explained that "'under the statute, the magistrate judge's certification of facts seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge.'" Wallace v. Kmart Corp., 687 F.3d 86, 91(3d Cir. 2012) (quoting Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, at 903 (3d Cir. 1992)). And:

> In addition to the difference in the procedure, we noted the different role the district judge plays in each of these

> situations. With respect to section 636(b)(1)(B), a district judge makes a de novo determination, while under section 636(e)(6), a district judge conducts a de novo hearing. Taberer, 954 F.2d at 904. That is, [a] de novo determination requires the district judge to "consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." In contrast, a de novo hearing entails a new proceeding at which the decision is based solely on the evidence freshly presented at the new proceeding. Id. (internal citations omitted) (quoting H.R.Rep. No. 94-1609, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6163 and citing United States v. Raddatz, 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

Id.

Now, I respectfully recommend the Court issue its order compelling Sankar to appear in-person and show cause why he should not be held in contempt and sanctioned for the conduct described in this Report and Recommendation. If Sankar fails to obey the Court's order then I recommend the issuance of a writ of bodily attachment for execution by the United States Marshal. Once Sankar's body is attached, he should be brought before the district judge to show cause why he should not be held in contempt and sanctioned for failing to obey the Subpoena issued by counsel for Poser, and my Order to Show Cause.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties